IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) No.: 2:23-cv-00510 |
| vs. | ) ) |
| RK FAMILY, INC., RK HOLDINGS, LLP dba RURAL KING, and SHAUN AMRINE, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, TWIN CITY FIRE INSURANCE COMPANY ("Twin City"), by its attorneys, states as follows for its Complaint for Declaratory Judgment against Defendants RK FAMILY, INC. ("RK"), RK HOLDINGS, LLP dba RURAL KING ("Rural King"), and SHAUN AMRINE ("Amrine") (collectively the "RK Entities"):

**STATEMENT OF CASE**

1. This action seeks a declaration that Twin City owes no insurance coverage obligations to RK Entities in connection with the Charges of Discrimination ("the Charges") brought by Brian Norman ("Norman"), before the Ohio Civil Rights Commission and, upon information and belief, dually filed with the United States Equal Employment Opportunity Commission, and the sexual harassment lawsuit ("the Norman Lawsuit") entitled *Brian Norman v. RK Holdings, LLP d/b/a/ Rural King and Shaun Amrine,* Case No. 22-3704(United States District Court for the Southern District of Ohio). A copy of the Ohio Charge is attached hereto as Exhibit A and a copy of the Amended Complaint in the Norman Lawsuit is attached hereto as Exhibit B.

## JURISDICTION AND VENUE

2. Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut.

3. Defendant RK is a corporation formed under the laws of the State of Illinois with its principal place of business in Mattoon, Illinois.

4. Defendant Rural King is a limited liability partnership formed under the laws of the State of Illinois with its principal place of business in Mattoon, Illinois. On information and belief each of its partners is a citizen of Illinois.

5. Defendant Amrine is a citizen of Ohio.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2) because this is a civil action founded on diversity of citizenship, and substantial part of the events giving rise to this claim occurred in this District.

## FACTS

8. On June 10, 2021, Cameron Ford ("Ford") a supervisor employed by RK and/or Rural King was indicted by a grand jury in Union County, Ohio, on charges of rape, sexual battery, and compelling prostitution as to his work subordinates, including Norman (hereinafter the "Criminal Proceeding"). On May 17, 2022, Ford pled guilty to multiple charges. Upon information and belief, the Indictment in the Criminal Proceeding specifically references Brian Norman as "BN" and one of Ford's victims. See. Exhibit C. Ford was sentenced to 23 to 26 years in prison following his guilty plea and is currently incarcerated.

9. The Charges, filed on or about June 7, 2022, allege that while employed by Rural King in Marysville, Ohio, Norman was the victim of discrimination and sexual harassment over a period of several months during his employment by his supervisor, Ford. Further, it is alleged that Ford's manager, Amrine, knew in or about February 2021 of the harassment and allowed it to continue as to Norman and nine other minor employees harassed by Ford. Norman received right to sue letters.

10. The Norman Lawsuit was initially filed on October 16, 2022, and amended on October 24, 2022.  The Norman Lawsuit alleges that Ford sexually harassed Norman repeatedly during work hours at Rural King in Marysville, OH and had a history of harassing minor employees.  It further alleges that Amrine took no immediate action when advised of the harassment of Norman but eventually terminated Ford on March 16, 2021 and reported his behavior to the police.  The Lawsuit alleges against Rural King and Amrine claims for violation of federal and state statutes, Ohio common law sexual harassment, and negligence, and seeks compensatory damages, punitive damages, and injunctive relief.

11. Twin City issued a policy of insurance ("Twin City Policy"), No. KB 0435776-22, to "RK Family, Inc.," effective annually from March 31, 2022 to March 31, 2023, containing an Employment Practices Liability Coverage Part. A copy of the Twin City Policy is attached hereto as Exhibit D.  On information and belief, the RK Entities are claimed to be insureds under the Twin City Policy and coverage is sought by the RK Entities under the Twin City Policy for the allegations in the Charges and Norman Complaint.

12. The Employment Practices Liability Coverage of the Twin City Policy provides, in part, as follows:

278970187v.4

**EMPLOYMENT PRACTICES COVERAGE LIABILITY PART**

**I. INSURING AGREEMENTS**

**(A) Employment Practices Liability**

The Insurer shall pay **Loss** on behalf of the **Insureds** resulting from an **Employment Practices Claim** first made against the **Insureds** during the **Policy Period** or Extended Reporting Period, if applicable, for an **Employment Practices Wrongful Act** by the **Insureds.**

***

**II. DEFINITIONS**

***

**"Claim"** means any: (1) **Employment Practices Claim**; or . . .

**"Employment Practices Claim"** means any of the following if made by or on behalf of an **Employee**, an applicant for employment with an **Insured Entity,** or an **Independent Contractor:**

(1) a written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand, including, without limitation, a written demand for employment reinstatement;

(2) a civil proceeding, including an arbitration or other alternative dispute resolution proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading;

***

(4) a criminal proceeding commenced by the return of an indictment or similar document.

See, Exhibit A.

13. The **COMMON TERMS AND CONDITIONS** of the Twin City Policy provide, in part, as follows:

4

278970187v.4

> **II.   COMMON DEFINITIONS**
>
> ***
>
> **Interrelated Wrongful Acts** means **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event, or transaction, or series of causally connected facts, circumstances, situations, events or transactions.
>
> ***
>
> **X.   INTERRELATIONSHIP OF CLAIMS**
>
> ***
>
> All **Claims** based upon, arising from or in any way related to the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to be a single **Claim** for all purposes under this Policy first made on the earliest date that:
>
> (A)   any of such **CLAIMS** was first made, regardless of whether such date is before or during the **Policy Period;**
>
> ***

See, Exhibit C.

14. RK Entities demanded that Twin City defend and indemnify defend the RK Entities against the Charges and the Norman Lawsuit.

15. Twin City denies that it owes any defense or indemnity obligation with respect to the Charges and the Norman Lawsuit under the Twin City Policy.

16. An actual and justiciable controversy exists between the parties as to the availability of insurance coverage for the RK Entities with respect to the Charges and the Norman Lawsuit. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as may be necessary.

278970187v.4

## COUNT I

### No Claim First Made within the Policy Period

17. Twin City incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein

18. The Criminal Proceeding, the Charges, and the Norman Lawsuit each constitutes an Employment Practices Claim under the Twin City Policy.

19. The Criminal Proceeding, the Charges, and the Norman Lawsuit arise from "Interrelated Wrongful Acts" under the terms of the Twin City Policy.

20. The Criminal Proceeding the Charges, and the Norman Lawsuit are accordingly deemed to be a single Claim under the Twin City Policy which is first made on the earliest date that any Claim was made.

21. The first related claim was made on June 10, 2021 when Ford was indicted, which was prior to the March 31, 2022 inception date of the Twin City Policy.

22. Accordingly, because the Claim at issue in the Charges and Norman Lawsuit was not first made during the Policy Period, it is not covered under the Twin City Policy and Twin City owes neither defense nor indemnity to the Defendants in relation to their liability for the Charges or the Norman Lawsuit.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Twin City owes no duty to defend or indemnify any of the RK Entities for the Charges or the Norman Lawsuit;

B. For all such just and equitable relief, including costs of this suit.

                                Respectfully submitted,

                                TWIN CITY FIRE INSURANCE COMPANY

                                By:      /s/ Marcia L. Pearson
                                          One of Its Attorneys

Marcia L. Pearson (0096470)
(marcia.pearson@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Mallard Creek Road - Suite 250
Louisville, KY 40207
502.238.8500 (Main)
502.238.7844 (Fax)

Michael J. Duffy (*Pro Hac Vice* pending)
(michael.duffy@wilsonelser.com)
Alan M. Posner (*Pro Hac Vice* pending)
(alan.posner@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550 (Main)
(312) 704-1522 (Fax)

7

278970187v.4